<div align="right">ALBANY,<br>October, 1823.</div>

<div align="right">VOLK<br>v.<br>YOUNGS.</div>

<div align="right">(u) 3 T. R.<br>511.<br>(v) 16 East<br>129.</div>

Rule to shew cause discharged.

## VOLK *against* YOUNGS.

TRESPASS *quare clausum fregit*, brought originally before a Justice of the Peace. A plea of *title* was there interposed, to a certain close, called the *Mill-right close*, in *R.* in the county of *S.* in consequence of which, the cause was afterwards brought in the Court of Common Pleas, and removed by *Hab. Corp.* into this Court, where the plaintiff had recovered a general verdict for $50. The plaintiff declared, generally, before the Justice, for trespasses committed upon his premises in *R.* in the county of *S.* In this Court, the declaration contained two counts, describing *two different closes*, (one of which was the *Mill-right close*) situate in *R.* in the county of *S.* in which the defendant had committed the trespasses. On the trial at the Circuit, the plaintiff, without producing the plea of title interposed before the Justice, gave evidence of trespasses in two different closes in *R.* one called the *Mill-right close*—the other, the *Five-acre close.*

*A. Paige*, for the plaintiff, now moved for double costs, pursuant to the statute, (1 *R. L.* 390, *s.* 7.)

<div align="right" style="font-style:italic">Where the plaintiff sued before a justice, and declared generally for trespasses committed on land in R. and the defendant justified by a plea of title to the M. R. close, upon which the plaintiff sued him for the same cause in the common pleas, which the defendant removed by hab. corp. to this court, where the plaintiff declared in two counts, and on the trial went not only for trespasses in the M R.</div>

close, but also, for other trespasses, and there was a general verdict for the plaintiff; held, that he was entitled to double costs within the statute.

It is the same action as was brought in the court below; and though there be an additional count, double costs will be allowed in the action continued from the court below; and this court will see that they shall not be increased by the addition of another count.

It seems, that going into evidence of matters upon the trial here, *dehors* the pleadings in the court below, whether this be done on the part of the plaintiff or defendant, will not prejudice the claim for double costs.

VOL. I. 54

*S. W. Jones*, contra, read that part of the section referred to, which gives these costs, and which, as he contended, applied only to cases where the action in the Court above is the same as in the Court below. The identity of the action must be apparent throughout, which could only be determined by the pleadings. When the plaintiff comes into this Court, he goes for a trespass, other and different from the one which he declared for in the Justice's Court.

[WOODWORTH, J. There might have been a departure from the pleadings by consent. Suppose the plaintiff had allowed you to go into other matter, *dehors* your plea of title, would this enable you to resist the claim for double costs? I apprehend that would not vary the question, which is, whether this is the same action brought before the Justice.]

*Paige*, in reply. The pleadings are not the only test by which our right to costs is to be determined. The statute allowing these costs is peremptory, and gives them wherever the action is the same, without regard to the defence. Suppose the defendant omits to plead his title here, and the plaintiff goes to trial upon the general issue, or any other issue in the cause—this would be for the defendant's benefit. It gives him greater latitude, in framing his defence, than he would be entitled to, should the plaintiff insist on his right of holding him to his plea of title only. So an additional count ought not to preclude us from costs, provided the declaration embraces the cause of action in the Court below.

*Curia.* The plaintiff declared generally before the Justice, and was met by a plea of title to the *Mill-right close.* Upon these pleadings he goes into the Common Pleas, from whence the defendant brings him here, where he declares in two counts, and goes for trespasses in the *Mill-right close,* and other trespasses in the *Five-acre close.* For the purpose of double costs, then, the action was confined, by the plea of title, to the *Mill-right close.* The plea related to no other, and the plaintiff was not driven to a higher tribunal as to any other trespass. Here the plaintiff, upon the

trial, goes specifically for trespasses in these two closes, and the verdict is general. It gives damages on both counts, and of course, is for trespasses in the *Mill-right close.* which were the subject of dispute before the Justice. There being an additional count does not vary the case. The only question is as to the costs of such a count, which the Court will always look to, so far as to prevent any accumulation of double costs, beyond what would grow out of the count which relates to the matter in the Court below. The plaintiff recovering any amount of damages for this matter, is entitled to double costs, so that the additional count cannot vary them materially.